## McLaughlin v. Wisler et al.

[No. 3,928.    Filed December 10, 1901.]

Intoxicating Liquors.—*License.—Remonstrance.*—Where an applicant for a license to sell intoxicating liquor published a notice of his intention to apply for a license at the December session of the board of commissioners and made no application at such session, but published another notice in December of his intention to apply for a license at the following January session, a remonstrance filed three days before the December session is available to defeat the application made at the January session.

From Elkhart Circuit Court; *E. E. Mummert,* Special Judge.

Application by George W. McLaughlin for a license to sell intoxicating liquors, and O. P. Wisler and others filed a remonstrance. From a judgment affirming the action of the board of commissioners refusing a license, the applicant appeals. *Affirmed.*

*H. C. Dodge,* for appellant.
*Anthony Deahl* and *Benj. F. Deahl,* for appellees.

Black, J.—The appellant was an applicant for license to sell intoxicating liquors, and the appellees were remonstrants. The appellant on the 8th of November, 1899, pub-

lished a notice of his intention to apply for a license at the next regular session of the board of county commissioners, the December term, 1899, commencing on the first Monday of December, 1899, being the 4th day of that month. On the 1st of December, 1899, a remonstrance signed by a majority of the legal voters of the township was filed in the office of the county auditor. The appellant did not in fact make any application at the December session of the board of commissioners, but on the 6th of December, 1899, for the purpose, it would seem, of evading the remonstrance, he published another notice of his intention to apply at the next regular session of the board, the January, 1900, session, commencing on the first Monday of January, 1900, for license to sell at the same place as that specified in the former notice. On the 1st of January, 1900, the appellant filed his application with the county auditor, and on the first Monday of January, 1900, he appeared before the board of commissioners, and made proof of his qualifications for a license. The remonstrance filed, as above stated, on the 1st of December, 1899, before the second publication of notice, was interposed, and thereupon the board refused to grant a license. On appeal to the court below the same result was reached.

It is conceded by the appellant that the remonstrance contained the names of the requisite number of voters, and that if filed at a proper time it was sufficient to bar the application; and the only question here is whether or not a remonstrance so filed three days before the December session of the board of commissioners is available to defeat an application for license made at the succeeding January session.

The person desiring to obtain a license to sell intoxicating liquors must publish a notice stating the precise location of the premises in which he desires to sell, etc., "at least twenty days before the meeting of the board at which *the applicant intends to apply for a license.*" §7278 Burns

1901. The board of commissioners, "at such term," shall grant a license to such applicant, "upon his giving bond," etc. §7279 Burns 1901. In §§7283a, 7283b Burns 1901, are certain requirements as to the contents of the application for license.

In §7283i Burns 1901, it is provided: "If, three days before any regular session of the board of commissioners of any county a remonstrance in writing, signed by a majority of the legal voters of any township or ward in any city situated in said county shall be filed with the auditor of the county against the granting of a license to any applicant for the sale of spirituous, vinous, malt or other intoxicating liquors under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold within the limits of said township, or city ward it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the date of the filing of such remonstrance."

To be an applicant one must make an application at a meeting of the board of commissioners. The published notice to the citizens is not an application, and the publication of the notice by one who "intends to apply for a license" does not make him an actual applicant. This was illustrated in the appellant's conduct in failing to apply at the term next following his first publication, and in making publication again and then actually applying at a succeeding term. It can not be certainly known that one who publishes notice will be an applicant at the next term or at any term. The remonstrance must be prepared and filed before the term at which the seeker for a license becomes an applicant by presentation of an application.

If the remonstrance be filed with the auditor three days before any regular session against the granting of a license to any applicant, it is unlawful thereafter for the board to grant a license to such applicant (that is, him against whom

remonstrance has been so made) during a period of two years from the date of the filing of the remonstrance.

In order that the remonstrance may have such effect at a session of the board at which an application is presented, it is not necessary, under the terms of the statute, that there should have been any publication of notice by the applicant before the filing of the remonstrance. No reference is made to the notice in connection with the provisions relating to the remonstrance. The remonstrance, to be effective, must have been on file three days before the session at which the applicant against whom it is directed makes application.

A remonstrance under the statute may be directed against a person who at the time of the filing thereof has not given any notice. It is the intention of the statute to enable the citizens to prevent for two years the person against whom they remonstrate from obtaining a license to sell in the township or city ward; and if they file the remonstrance before he makes application, he can not obtain a license for two years after the filing of the remonstrance, unless it was not on file as long as three days before the session at which he applies.

. What might be the proper effect to be given to the withdrawal or the attempted withdrawal of the remonstrance, or of any of the signatures thereto, before the session at which the application is actually made is not a question before us. Here, the remonstrance against the particular person who applied was on file three days before the session at which he became an applicant, there having been no attempt to withdraw.

The remonstrance, which it is not denied would have defeated an application of the appellant at the December session, if made, remained effective to prevent the granting of a license to him for two years from the time of the filing of the remonstrance.

Judgment affirmed.